# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| DOLORES MCKENZIE, as Personal Representative for the Estate of Clarence McKenzie,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Docket No. 1:21-cv-00233-NT<br>)<br>)<br>)<br>) |

## ORDER ON MOTION TO INTERVENE

Before me is the Motion to Intervene of Dr. Daniel A. Soroff, M.D. (the "**Motion to Intervene**") (ECF No. 47). For the reasons stated below, the Motion to Intervene is **DENIED**.

## BACKGROUND

This suit was brought by the Plaintiff, Dolores McKenzie ("**Ms. McKenzie**"), as personal representative of the estate of her now-deceased husband, Clarence McKenzie ("**Mr. McKenzie**"). After suffering a stroke in early 2018, Mr. McKenzie began receiving cardiovascular care from various medical providers at the Togus VA Medical Center (the "**Togus VAMC**"), including from Dr. Daniel A. Soroff ("**Dr. Soroff**").

On August 24, 2018, Mr. McKenzie was admitted to the Togus VAMC after experiencing sudden weakness in his right face, arm, and leg, along with slurred speech and aphasia. On August 29, Mr. McKenzie was transferred to the West

Roxbury VAMC, in Massachusetts, for a surgical procedure on his heart. Mr. McKenzie was discharged from the West Roxbury VAMC on September 5 and was sent home on a shuttle bus to Maine. Mr. McKenzie was picked up by his family and brought home at around 6:00 p.m. He died just a few hours later, at approximately 12:45 a.m. on September 6.

On January 14, 2019, Ms. McKenzie served an administrative tort claim on the Department of Veterans Affairs (the "**VA**"), pursuant to the Federal Tort Claims Act (the "**FTCA**"). She filed an amended claim on May 4, 2021. The VA denied Ms. McKenzie's administrative tort claim on May 18, 2021.

In August of 2021, Ms. McKenzie filed suit against the Defendant, the United States of America, pursuant to the FTCA. Am. Compl. ("**Compl.**") (ECF No. 4). The Complaint asserts a wrongful death claim (Count I), alleging negligence by Dr. Soroff at the Togus VAMC, Compl. ¶ 54, as well as negligence by medical care providers at the West Roxbury VAMC, Compl. ¶¶ 55–56. In addition, the Complaint asserts a claim of conscious pain and suffering (Count II). Compl. ¶ 59.

The parties are scheduled for a judicial settlement conference tomorrow, August 9, 2023. Order (ECF No. 50). The discovery deadline is next week, on August 14, 2023. Order (ECF No. 43). And the matter is on the October 3, 2023 trial list. Trial List (ECF No. 53).

Now, Dr. Soroff seeks to intervene as a Defendant in this matter, "to defend the claims implicating his medical care and treatment, [and] in order to protect against the reputational and occupational harm that he would suffer if a settlement

2

is reached between the named parties or a civil judgment is entered in Plaintiff's favor in this case." Mot. to Intervene of Daniel A. Soroff, M.D. ("**Mot. to Intervene**") 2 (ECF No. 47).

## DISCUSSION

Dr. Soroff seeks to intervene as a Defendant pursuant to Federal Rule of Civil Procedure ("**Fed. R. Civ. P.**") 24(a), which provides for intervention as of right, and, alternatively, Fed. R. Civ. P. 24(b), which provides for permissive intervention. Mot. to Intervene 3.

Under Fed. R. Civ. P. 24(a)(2), "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). "[A] would-be intervenor must demonstrate that: (i) its motion is timely; (ii) it has an interest relating to the property or transaction that forms the foundation of the ongoing action; (iii) the disposition of the action threatens to impair or impede its ability to protect this interest; and (iv) no existing party adequately represents its interest." *Ungar v. Arafat*, 634 F.3d 46, 50 (1st Cir. 2011). "Failure to satisfy any one of the four requirements defeats intervention by right." *Students for Fair Admissions, Inc. v. President and Fellows of Harvard Coll.*, 807 F.3d 472, 474 (1st Cir. 2015).

3

Here, the Plaintiff opposes the Motion to Intervene, in part for lack of timeliness. Pl.'s Resp. in Opp'n to Mot. to Intervene of Daniel A. Soroff, M.D. ("**Pl.'s Resp.**") 2 (ECF No. 51). "[T]imeliness stands as a sentinel at the gates whenever intervention is requested and opposed." *Banco Popular de P.R. v. Greenblatt*, 964 F.2d 1227, 1230 (1st Cir. 1992). "As a general matter, the case law reflects four factors that inform the timeliness inquiry: (i) the length of time that the putative intervenor knew or reasonably should have known that his interests were at risk before he moved to intervene; (ii) the prejudice to existing parties should intervention be allowed; (iii) the prejudice to the putative intervenor should intervention be denied; and (iv) any special circumstances militating for or against intervention." *R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 7 (1st Cir. 2009).

"There is no bright-line rule delineating when a motion to intervene is or is not" timely. *Greenblatt*, 964 F.2d at 1230. "The timeliness inquiry is inherently fact-sensitive and depends on the totality of the circumstances." *R & G Mortg. Corp.*, 584 F.3d at 7. However, "[o]ne highly relevant circumstance implicates the status of the case at the time when intervention is attempted. The more advanced the litigation, the more searching the scrutiny which the motion must withstand." *Greenblatt*, 964 F.2d at 1231. Moreover, "[i]t suffices to say that when a putative intervenor seeks both intervention as of right and permissive intervention, a finding of untimeliness with respect to the former normally applies to the latter (and, therefore, dooms the movant's quest for permissive intervention)." *R & G Mortg. Corp.*, 584 F.3d at 11.

In this case, Dr. Soroff's Motion to Intervene was not timely. Dr. Soroff asserts that he became aware of the present litigation on or about January 31, 2023, Daniel A. Soroff, M.D.'s Reply Mem. in Supp. of His Mot. to Intervene ("**Dr. Soroff's Reply**") 2 (ECF No. 52), yet he did not file his Motion to Intervene until nearly five months later, on June 22, 2023, *see* Mot. to Intervene. By this time, the litigation was already at an advanced stage: discovery was well underway and the case had been put on the trial list for October. *Cf. Geiger v. Foley Hoag LLP Ret. Plan*, 521 F.3d 60, 64–65 (1st Cir. 2008) (finding that litigation was not at an "advanced stage" because there had not been "any discovery or substantive legal progress").

Dr. Soroff asserts that I should not place much weight on the timing of the settlement conference since it was not scheduled until *after* he filed his Motion to Intervene. *See* Dr. Soroff's Reply 4. But even if I do not consider the timing of the settlement conference for the purpose of evaluating whether the litigation was at an advanced stage when Dr. Soroff filed his motion to intervene, that does not change the fact that Dr. Soroff's intervention would prejudice the Plaintiff by disrupting the impending settlement, extending discovery, and delaying the trial. *See Greenblatt*, 964 F.2d at 1232 ("The purpose of the basic requirement that the application to intervene be timely is to prevent last minute disruption of painstaking work by the parties and the court." (quoting *Culbreath v. Dukakis*, 630 F.2d 15, 22 (1st Cir. 1980)).

As for the prejudice to Dr. Soroff should intervention be denied, I am not persuaded that the potential prejudice Dr. Soroff describes outweighs the other considerations at issue here. Dr. Soroff admits that he "will not be personally liable

5

for any judgment in the matter," but asserts that the outcome could still negatively affect his pecuniary and professional interests because "[i]f judgment is entered for Plaintiff on the allegation of medical negligence against Dr. Soroff and/or there is a pre- or post-judgment settlement that involves payment related to alleged medical negligence arising out of Dr. Soroff's care, Dr. Soroff will be reported to the National Practitioner Data Bank ('**NPDB**')." Mot. to Intervene 7–8.  But as the Plaintiff points out, and as Dr. Soroff concedes, the VA's "Handbook provides an after-the-fact[] administrative procedure for contesting whether a VA provider is to be named in a report to the NPDB." Dr. Soroff's Reply 5. While Dr. Soroff states that he would like to "protect his interests, *now*, . . . prior to the commencement of the administrative Review Panel process," Dr. Soroff's Reply 6, his eagerness to clear his name sooner rather than later does not constitute prejudice that outweighs the delayed attempt at intervention, the advanced stage of the litigation, and the prejudice to the Plaintiff should intervention be granted.

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Motion to Intervene (ECF No. 47).

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 8th day of August, 2023.

6